UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No.  6:14-cv-1536-Orl-22TBS

(1) KERNY PIERRE-LOUIS individually and
d/b/a LBS TAX SERVICES, GOLDEN
FINANCIAL, INC., and FAMILY TAX
ASSOCIATES, LLC; (2) JEHOAKIM VICTOR
individually and d/b/a LBS TAX SERVICES,
FAMILY TAX ASSOCIATES, and
JEHOAKIMVICTOR, LLC; and (3) LAURI B.
RODRIGUEZ individually and d/b/a LBS TAX
SERVICES, FAMILY TAX ASSOCIATES,
and LAURIRODRIGUEZ, LLC ,

    Defendants.
_____/

## ORDER

Pending before the Court is Plaintiff's Unopposed Motion for Leave to Take More than 10 Fact Depositions (Doc. 28).  The motion, which Defendants do not oppose, is substantially the same as motions previously granted in related cases numbered 6:14-cv-1535-Orl-22TBS, 6:14-cv-1537-Orl-22TBS, and 6:14-cv-1538-Orl-22TBS.

Plaintiff alleges that Defendant Kerny Pierre-Louis owned 12 tax return preparation stores in Florida and Texas.  (Doc. 1).  Some of those stores were allegedly managed by Defendants Jehoakim Victor and Lauri Rodriguez.  (Id.). Plaintiff avers that Defendants violated federal tax laws by continually and repeatedly causing the preparation of false and fraudulent federal income tax returns and that

Defendants' customers now face large income tax debts and may be liable for sizeable penalties and interest. (Id.)

Plaintiff desires to take a sufficient number of depositions to provide the Court with testimony from witnesses whose tax returns were prepared in several different geographic areas and who claimed different credits to support its allegations of widespread and systemic preparation of fraudulent tax returns. (Id.). Plaintiff also wishes to depose Defendants' employees and other persons associated with the tax preparation business. (Id.). To accomplish this discovery, Plaintiff is requesting leave of Court to take up to 100 fact depositions.

When a party seeks leave of court to take more than the ten depositions allowed by Fed. R. Civ. P. 30(a)(2)(A), the Court considers the principles set out in Rule 26(b)(2)(C):

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2)(C). These concerns are adequately addressed and satisfied because Defendants do not oppose the relief requested in the motion. Accordingly, after due consideration the motion is GRANTED. Plaintiff may take up to 100 fact

depositions in this case.

DONE AND ORDERED in Orlando, Florida, on December 2, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel